UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE ANTONIO,<br><br>　　　　　Plaintiff,<br>v.<br>RIVERA INVESTMENTS, LLC, *et al*.,<br><br>　　　　　Defendants. | Civil No. 14-CV-1290-WQH (WVG)<br><br>ORDER FOLLOWING ORDER TO SHOW CAUSE HEARING; IMPOSING SANCTIONS |

## I. BACKGROUND

On August 15, 2014, this Court issued a Notice and Order for Early Neutral Evaluation ("ENE") Conference. (Doc. No. 11.) The Court set an ENE Conference to be held on October 22, 2014, at 9:00 a.m., before United States Magistrate Judge William V. Gallo, United States Courthouse, Courtroom 2A, Second Floor, 221 West Broadway, San Diego, California. Id. at 1. The Court ordered that, twenty-one days prior to the ENE Conference, Plaintiff shall lodge with the Court, and serve on opposing counsel, a statement which included an itemized list of the specific issues on the subject premises which are the basis of the claimed violations under the Americans with Disabilities Act ("ADA"), a statement of the amount and category of damages claimed by Plaintiff in this action, the amount claimed for attorney's fees and costs, and Plaintiff's demand for settlement of the case in its entirety. Id. at 3.

The Court also ordered that, at least fourteen days prior to the ENE Conference, counsel for all parties and the property managers of commercial locations, shall meet and confer in person at the subject premises regarding settlement of the alleged premise violations, and damages, costs, and attorney fee claims. (Doc. No. 11 at 3.) The Court ordered that Plaintiff's counsel was responsible for making arrangements for the conference. Id.

Further, the parties were ordered to lodge with the Court, no later than seven days prior to the ENE Conference, a joint statement advising the Court of the status of settlement negotiations and setting forth all issues in dispute, including property issues, Plaintiff's alleged damages, and the claim for attorney's fees and costs, along with a description of any settlement demands and/or offers exchanged. (Doc. No. 11 at 3.)

During the week of October 13, 2014, the Court's clerk called Plaintiff's counsel to inquire about the statement that Plaintiff's counsel was ordered to lodge with the Court and serve on Defense counsel by October 1, 2014. See Doc. No. 11 at 3. Plaintiff's counsel's office advised that they "missed" the ENE Conference Order. On October 16, 2014, Plaintiff's counsel lodged Plaintiff's ENE statement with the Court. On October 20, 2014, Defendant filed its ENE statement on the case docket. (Doc. No. 12.)

On October 20, 2014, the Court's clerk contacted Plaintiff's counsel to inquire about the joint statement that had not yet been received by the Court. See Doc. No. 11 at 3. Plaintiff's counsel again stated that they had not been aware of the ENE Conference set for October 22, 2014, and therefore, failed to fulfill the Court's requirement to meet and confer in person at the subject premises at least fourteen days prior to the ENE Conference. Id. Plaintiff's counsel requested that the ENE Conference be continued so that counsel could fulfill the Court's meet and confer requirement.

On October 20, 2014, the Court issued an Order to Show Cause ("OSC"); Amended Notice and Order for ENE Conference. (Doc. No. 13.) The Court set an

OSC Hearing for November 26, 2014, at 7:00 a.m. Id. at 3. The Court ordered Plaintiff's counsel to show cause why Plaintiff's counsel failed to arrange the meet and confer session at the subject premises, why counsel failed to lodge a joint statement with the Court, and why Plaintiff's counsel failed to lodge with the Court an itemized list of the specific issues on the subject premises until October 16, 2014. Id. Plaintiff's counsel was ordered to file a Declaration explaining its failure to comply with this Court's Notice and Order for ENE Conference by November 12, 2014. Id.

On November 13, 2014, one day after the Court's deadline, Plaintiff filed a Declaration of Mark Potter. (Doc. No. 14.) Although the document was titled, "Declaration of Mark Potter," and the declaration was signed by Mark Potter, the declaration began by stating, "I, Dennis J. Price..." Id. at 1-2.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Rule") 16(b)(3), a district court is required to enter a pretrial scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3)(A). The scheduling order "controls the course of the action unless the court modifies it[ ]" and Rule "16 is to be taken seriously." Fed.R.Civ.P. 16(d); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir.1994). As the Eastern District of California has stated, parties must "diligently attempt to adhere to [the court's] schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D.Cal.1999). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992) (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D.Me.1985)).

The Court finds that Plaintiff's counsel's firm has demonstrated a lack of attention to detail and a cavalier approach to complying with this Court's schedule and Orders. These are unacceptable business practices, and it is mandatory that all parties and all attorneys comply with Court Orders and deadlines.

### III. IMPOSITION OF SANCTIONS

During the OSC Hearing on November 26, 2014, the Court sanctioned Plaintiff's counsel's firm for its failure to comply with this Court's Orders. Plaintiff's counsel, Mr. Mark Potter and Ms. Phyl Grace, were both ordered to handwrite 500 times, "I will comply with Court orders." Additionally, Mr. Potter and Ms. Grace were both ordered to handwrite 500 times, "I will be responsible for my cases." Both counsel were also ordered to provide declarations stating that they personally handwrote the sentences. Counsel were ordered to file the document with their handwritten sentences and their corresponding declarations by November 28, 2014, at 12:00 p.m.

IT IS SO ORDERED.

DATED: December 3, 2014

_____
Hon. William V. Gallo
U.S. Magistrate Judge